okay will the clerk please call the next case 3 23 0 4 3 0 lisa castillo appellant versus monical's pizza corporation apple leaf council you may proceed thank you may it please the court council my name is miranda susie and i represent the appellant we request that the trial court order granting summary judgment to defendant be reversed in the case remanded for further proceedings reversal is appropriate in this case because the trial court misapplied the law and the facts when granting summary judgment there are three separate and equally compelling reasons for reversal in this case any one of which would warrant reversal however the combined three demonstrate the complete misapplication of law in fact by the trial court first the trial court improperly weighed the evidence making credibility determinations and admissibility determinations pertaining to plaintiff's expert mark briggs which was inappropriate and the facts therein should have been reserved for the trier effect the jury second the trial court ignored monical's admitted voluntary undertaking wherein it monitored removed and addressed snow and ice throughout inclement weather instead choosing to apply the natural accumulation rule and third in applying the natural accumulation rule the trial court ignored the facts supporting plaintiff's contention that the accumulation of snow and ice on the rampway was in fact unnatural can i ask a question absolutely so the pizza so the monocles had a internal policy let's just say that they would clear the sidewalk you know of ice whenever they believed it was present the failure to follow an internal policy why does that why is that in and of itself a voluntary undertaking i mean i get that if they go out there and they you know accidentally throw down ice pellets instead of ice melter that they neglected they negligently undertook a duty they didn't otherwise have but if you have this policy and simply ignore it or don't do anything to effectuate it why is that a voluntary undertaking so i think that goes to the non-feasance versus misfeasance correct uh in this case i think there's still questions of fact as to whether it was non-feasance or misfeasance we are relying on monocles and their testimony that they say on the date in question they went out and monitored removed and applied snow and ice melt there's questions as to whether or not that actually in fact did happen i think arguably based upon the facts this is a misfeasance situation as opposed to a non-feasance situation to your question i think under the voluntarily voluntary undertaking doctrine the non-feasance would be a more difficult thing for us to prove and to actually plead prove and prevail upon but the fact that john trezise the manager indicates that on the day in question they were aware that there was inclement weather they were monitoring the inclement weather and in fact went out and attempted to remove and or apply snow and ice melt that applies to then misfeasance which is i do believe the voluntary undertaking applies to this case okay in terms of going back to the facts and i'll just sort of pivot from there uh had the court looked at the facts in the light most favorable to the plaintiff and i would argue that when you look at what happened in this case the court actually took the facts in the light most favorable to the movement which is the inappropriate standard for summary judgment but if we look at the facts in the light most favorable to the plaintiff it should have found that monocles undertook to monitor remove and apply snow and ice melt on the date of the incident per their policies and procedures and per their own manager john trezise that they did in fact attempt to go out monitor remove and then apply the snow and ice melt and then based upon the testimony in the depositions in terms of reviewing the photos and videos at issue that the snow and ice melt was actually inappropriately and inconsistently applied to the rampway as a result portions of the rampway had the ice melt whereas other portions did not and when miss castillo exited the building took two or three steps encountered the icy walkway she unfortunately encountered a walkway that was not reasonably addressed pursuant to the voluntary undertaking and then ultimately ended up falling in addition to that taking out the voluntary undertaking if you just look at natural versus unnatural accumulation but for the trial court barring mark briggs unnecessarily and inappropriately you have to take into account that there is an expert opinion indicating that the ice on the walkway on the date of the incident accumulated through a combination of a number of different things first through the sloped ramp meaning that the sloped ramp itself was funneling water away from the building down the ramp and then that sloped ramp was funneling that water into an area where the plow was actually splashing additional snow and ice and the combination of two things led to an accumulation of snow and ice on the rampway and by operation of lisa castillo's own testimony when she exited the building the first two or three steps that snow and ice accumulation was not there until she got into the funneled area later on so if we were just looking at it from an unnatural accumulation standpoint the facts are still sufficient to show that there's a genuine issue of material fact that should have been submitted to the jury but for the court barring uh mark briggs testimony and concluding that it was uh i guess incredible for lack of a better term as a result of the voluntary undertaking i think if we just start there the proper result is reversal of the trial court's order and remanding for further proceedings i'm happy to answer additional questions but i do think those three separate equally compelling reasons for reversal warrant uh reversal and remanding the case thank you any questions uh for counsel from the bench no no no um hearing none uh we'll proceed to mr handley you may respond uh members of the panel justices council this is a case where number one the issue of natural versus unnatural accumulation there's simply no evidence that there was an unnatural accumulation of ice that caused this fall he had a controlled expert by the name of robert slick who went out there and performed his inspection and he's the only expert who actually visited the premises and made inspections and notes and made his determination plaintiff's expert simply relied on the report provided by mr plicta um the plaintiff's expert excuse me for one second um as a definition of unnatural accumulation that does not fit anywhere within illinois case law um he had indicated that what made this unnatural was that this is a sidewalk that channels water from a high point away from the doors toward some low point his response was that concrete itself is not a natural product so the design of the sidewalk and everything about the sidewalk is unnatural this does not meet the definition of unnatural accumulation that's present anywhere in illinois case law defenses what about what about the suggestion that each side of the slope directed water into the center of the sidewalk which then would run down to the curve of the street okay the plaintiff's expert is the one who offered that as part of his opinion our expert in his report clearly established that there was no lateral slope at all it was simply a water running from the top located by the door straight down to the bottom there was no lateral slope at all so there's no basis in the evidence for mark briggs assertion and conclusion that there was lateral water flowing into the main area and then flowing downward so i think that getting back to the definition of natural versus unnatural it's clearly this this is not just a question of fact for a jury to decide based on the evidence that has been submitted in this case this is clearly a natural accumulation as testified to by the plaintiff's expert i'm by the defense's expert robert plicked up um mr plicka also indicated that there was nothing about the design of the building that contributed to water he said that the uh there was a roof system that sloped to the back of the building and there were no exposed gutters or downpout downspouts present on the front elevation so this is simply a question of water fleet rain whatever you want to call it coming and then draining towards the parking lot the only evidence of a snowplow the snowplow contractor did not perform any snow removal or ice removal from the sidewalk its sole function and responsibility dealt with the parking lot in the driveway when you look at the photo there it's hard to imagine it's hard to imagine how um how ice or how water could snow or water could possibly have splashed up as far as the front of the building where the incident occurred the plaintiff's testimony was that she stepped out and traveled no more than two or three steps before she she fell also our expert said that the sidewalk itself is under applicable code is not to be considered a ramp mainly because a ramp is anything where the slope is five degrees or greater and this is uncontroverted even the plaintiff's expert admitted that he didn't perform an inspection an actual on-site inspection he relied on the testimony offered by Mr. Plick to the defense's controlled controlled expert and the ramping the sidewalk in question was compliant with all applicable codes so Mr. Handley if we accept that there was no unnatural accumulation of ice is there not an argument that a unequal or improper application of ice melt is a voluntary undertaking that they didn't have to do but they did it and if they did it in a negligent manner would that not survive summary judgment that's possible but there's no evidence here as to when that ice melt was applied the plaintiff's expert i believe in his testimony mentioned that the video was taken approximately two hours after the occurrence there's been no testimony from any of the monocle of employees as to when that ice melt was applied but i don't see where the voluntary undertaking with respect to ice melt from from a video taken at least two hours after the occurrence has any bearing on the issues in this case and there was no deposition testimony narrowing down that time frame that's my recollection yes i don't recall seeing any mention of a time whatsoever and basically that's about it as far as i have to say i'm pretty much stand on the summary judgment motion filed with the trial court the trial been experiencing a cold and allergy so hopefully you didn't have any trouble understanding what was coming out of my mouth very clear very clear uh questions from the bench no questions thank you mr handley council you may reply thank you just briefly i think when you listen to mr handley's argument it highlights the flaw that the trial court had in its reasoning which is in order to find uh that summary judgment is appropriate you essentially have to review defendant's expert solely and ignore the remainder of the evidence and if you focus just on the defendant's expert which is taking the evidence in the light most favorable to the then certainly there may be a basis for summary judgment in this case but when you take into account the totality of the circumstances the depositions the expert mark briggs which was inappropriately removed ultimately we get back to voluntary undertaking and the manager john trezise who is the corporate representative of monocles who indicated that in talking to the employees who were there on the date of the incident that they were in fact monitoring the inclement weather that they were addressing the snow and ice as it accumulated including putting down snow and ice melt that is a fact that can only come from monocles and the fact that they were unable to tell us exactly what time they did it and the specifics of that is should be counted against the defendant not against the non-movement here the plaintiff ultimately when you do look at the video that was taken by defendants employees which is unfortunately not a part of the record but various witnesses talk about it they took that video to show that they did in fact apply the snow and ice melt and what they were doing during the course of that day that was the purpose of taking the video in the first place and as the various witnesses indicate there were clumps of ice melt that were inconsistently applied which is consistent with the testimony of the various lay witnesses as they walked out of the monocles took two or three steps and encountered areas that had no snow and ice melt because it was inconsistently applied and unfortunately for lisa castillo that led to her having a catastrophic fall and ultimately injury in this case this case is one that applies under voluntary undertaking there was misfeasance by monocles in the application of snow and ice melt and the monitoring during the course of that day and as a result of that misfeasance unfortunately lisa was injured as a result we would ask that the trial court order be reversed and the case be remanded thank you questions none how do you satisfy your obligation to establish a voluntary undertaking at the appropriate time frame that is to say prior to miss castillo falling i think ultimately we have to rely on the corporate representatives we did in fact do a notice of deposition under the corporate representative doctrine 206 a1 wherein they were tasked with giving us the specifics of this information john was unable to give us a specific time but essentially hedged and indicated that in talking to the managers it was in fact done before the fall happened but they had no documentation of that so i think we have to take them at their word that it was done and that the documentation that they took in terms of photos and videos after the incident is consistent with what they indicate was earlier thank you thank you thank you council thank you council both for your arguments in this matter this afternoon it will be taken under advisement and a written disposition shall issue at this time excuse me the clerk of our court will escort you from our remote courtroom thank you you too